In re Kathryn M. NEESE, Debtor.

Kathryn M. NEESE, Plaintiff,

v.

HOLLYWOOD VIDEO, INC., Defendant.

Bankruptcy No. 7–93–01981–HPR–13.
Adv. No. 7–94–00218.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

June 8, 1995.

Steven M. Want, Christiansburg, Virginia, for Debtor/Plaintiff.

Beth Kathryn Roland, DLC Trial Lawyers, P.C., Roanoke, Virginia, for Defendant.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This Adversary Proceeding is before the Court pursuant to Katherine Neese's ("Debtor/Plaintiff") Objection to Claim of Hollywood Video ("Hollywood/Defendant"). The issues presented are whether a default judgment granted in state court was fraudulent, whether the judgment is a proper claim of the Debtor, and whether the Debtor's Objection to the Claim is barred by the doctrine of *res judicata.*

The Debtor filed her Chapter 13 petition on September 29, 1993 and listed the Creditor as an alleged secured creditor. Hollywood filed two proofs of claim secured by Debtor's residence; and based upon a default judgment entered in the Circuit Court for the City of Roanoke, on April 28, 1993 in the sum of $27,510.08 with interest at 9.0% subsequently docketed in the Clerk's Office of the Circuit Court for Roanoke City. The default judgment was based upon the Debtor's alleged failure to pay Hollywood Video, Inc., for labor and materials which included electronic equipment and t-shirts, provided by Hollywood Video, Inc., on a restaurant project known as Kathryn's Club Miami. No

evidence was presented of any written agreement or contract between the Debtor and Hollywood Video.

The Debtor did not appear, due to a confusing set of circumstances, and object to the entry of the default order but did object to the claims of Hollywood Video herein. Since the filing of this Adversary Proceeding, the Debtor has refinanced her debt on said property and paid all other secured creditors in full. An amount sufficient to satisfy the claim of Hollywood Video, Inc., is currently being held in trust pending the outcome of this matter. Debtor objects to such claim as being obtained erroneously as to the judgment and even if it is a valid claim it is not a proper claim against her individually.

This Court concludes that the sole issue to be determined is not whether Hollywood's claim is valid but whether such claim properly lies against the Debtor or whether it is against Neese Enterprises. The facts clearly indicate that Mrs. Neese was not involved in the contract between the Creditor and Neese Enterprises. At no time was she ever an officer or director of the Company. Any contractual relationship which may have existed would have existed between Neese Enterprises, Inc., and Hollywood Video, Inc., rather than between the Debtor and Hollywood Video, Inc., by virtue of testimony from the then-President, James Neese, Jr., as well as Phillip Hatcher. Michael Carter, President of Hollywood, testified that he was initially contacted by Aubrey Nichols, a representative of Neese Enterprises. James Neese also testified that he consulted with Michael Carter as to negotiations about price and installation of equipment; and that upon opening, Kathryn's Club Miami would be operated by Neese Enterprises. (See Debtor's Memorandum p. 4 ).

The Debtor also testified that she was at no time presented with any documents by Hollywood Video, Inc., to execute; that she did not at any time verbally agree to enter into any contract with them; and that at no time had she engaged in any negotiation with them for the installation of electronic sound equipment or for the purchase of t-shirts. Mrs. Neese did, however, supply capital at times to the corporation upon request of Mr. Neese.

■  Pursuant to the above-mentioned facts, there appears to be no evidence of an agreement, written or oral, between the Debtor and Hollywood Video, Inc.; and, thus, Hollywood's claim more properly lies with Neese Enterprises rather than against this Debtor. The Virginia Code clearly states that "unless a promise, contract, agreement . . . is in writing and signed by the party to be charged or his agent, no action shall be brought . . . to charge any person upon a promise to answer for the debt, default, or misdoings of another." Va. Code § 11–2 (1995). No facts were presented in the evidence indicating that Mrs. Neese made any type of promise to pay Hollywood Video and there is no written contract or agreement. Therefore, even if the evidence indicated that Neese did promise to answer for the debt, the claim would be barred by the forgiving Statute of Frauds.

■  Furthermore, Debtor's Objection to Claim is not barred by the doctrine of res judicata. The Bankruptcy Court has full power to inquire into the validity of any claim which is asserted against the estate. Pepper v. Litton, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). If the issues have not actually been litigated at the time of the default judgment, the Bankruptcy Court may look behind the default judgment. In re Raynor, 922 F.2d 1146 (4th Cir.1991). Since the judgment in this case was by default, the issue of Kathryn Neese's personal liability was never litigated and, thus, is not barred by the doctrine of res judicata.

Accordingly, it is ORDERED that Debtor's Objection is sustained and the Claim of Hollywood Video, Inc., is denied as a claim against this Debtor's estate. This Adversary Proceeding is dismissed and closed.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor; counsel for Debtor; counsel for Hollywood Video, Inc.; and Trustee.